**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAKSHMI D. HAZARI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH B. EDLOW, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,[1]<br><br>Defendants. | No. 22cv5158 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court on Plaintiffs' unopposed Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 60, D.E. 49 ("Motion" or "Mot."). Plaintiff seeks to amend the Court's April 9, 2026 Order of Dismissal, D.E. 48 ("Order of Dismissal"), from dismissal with prejudice to dismissal without prejudice. The Court dismissed this action after the parties failed to submit a stipulation of dismissal within the sixty-day administrative termination period. *See* Order of Dismissal.

Federal Rule of Civil Procedure 60(b)(1) permits a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether neglect is excusable, courts consider the danger of prejudice to the opposing party, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the moving party acted in good faith. *In re Cendant Corp. PRIDES Litig.*,

---

[1] Joseph B. Edlow was sworn in as Director of United States Citizenship and Immigration Services on July 18, 2025. Marco Rubio was sworn in as Secretary of State on January 21, 2025. Accordingly, Director Edlow and Secretary Rubio have been substituted as Defendants in this action pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

235 F.3d 176, 182 (3d Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Plaintiffs' counsel explains that an injury prevented him from timely submitting the dismissal papers. Mot. Counsel filed the present Motion one day after the dismissal, and Defendants do not oppose the requested relief. *Id.* Considering the minimal delay, counsel's explanation, the absence of opposition, and the lack of any indication of bad faith, the Court finds that Plaintiffs have demonstrated excusable neglect. The Court also recognizes that dismissal with prejudice carries significant claim-preclusive consequences. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610–11 (3d Cir. 2020). Accordingly, the Court finds that relief under Rule 60(b)(1) is warranted.

Accordingly, the Court will **GRANT** Plaintiff's Motion and **AMEND** the Court's April 9, 2026 Order of Dismissal.

Accordingly,

**IT IS**, on this 16th day of November, 2026,

**ORDERED** that Plaintiff's Motion to Alter Judgment, D.E. 49, is **GRANTED**; and it is further

**ORDERED** that the Court's April 9, 2026 Order of Dismissal, D.E. 48, is **AMENDED** solely to provide that this action is **DISMISSED *without prejudice***, and without costs; and it is finally

**ORDERED** that this action shall remain **CLOSED**.

Evelyn Padin, U.S.D.J.